IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:16-cv-01493-ABJ |
| ANTHEM, INC. and CIGNA CORP., | 6:16-mc-47-ORL-31KRS |
| *Defendants.* | |

## ANTHEM, INC.'S EMERGENCY MOTION AND INCORPORATED MEMORANDUM OF LAW TO COMPEL COMPLIANCE WITH SUBPOENA DIRECTED TO BROWN & BROWN, INC.

Defendant Anthem, Inc., pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure and Local Civil Rule 3.04(a), respectfully moves to compel Brown & Brown, Inc. to produce documents in highly expedited merger litigation in accordance with the subpoena *duces tecum* attached hereto as **Exhibit 1** and to designate and produce for deposition a Rule 30(b)(6) corporate representative to testify regarding the topics set forth in the Notice of Deposition attached hereto as **Exhibit 2**. Anthem respectfully requests that its Motion be heard on an emergency basis pursuant to Local Civil Rule 3.01(e) in view of Brown & Brown's decision yesterday to refuse to produce relevant documents prior to the October 5, 2016 deposition of a Brown & Brown employee included on Plaintiffs' trial witness list.

### Preliminary Statement

This Emergency Motion to Compel involves subpoenas for discovery served in connection with an antitrust merger challenge in the health insurance industry proceeding on a highly expedited schedule that will result in trial only 124 days after filing of the complaint. The

United States filed this action on July 21, 2016 to challenge Anthem's proposed $54 billion merger with Cigna, Corp. Given the urgent nature of merger litigation, the Court set an aggressive schedule to bring the case to trial by November 21, 2016. Expert reports are due on October 7, little more than a week from today, and fact discovery closes in three weeks on October 21, 2016.

Anthem promptly subpoenaed health insurance consultant and broker Brown & Brown for documents and deposition of a corporate representative. When the United States included Victoria Mahoney, an employee of a Brown & Brown subsidiary, on its September 9, 2016 preliminary trial witness list, Anthem noticed Ms. Mahoney's deposition, and Brown & Brown stated it would produce documents from the Brown & Brown subsidiary that employs Ms. Mahoney, including her records. Brown & Brown changed its position yesterday, however, when it informed Anthem that it no longer intended to produce *any* documents, either related to Ms. Mahoney or otherwise subject to Anthem's subpoena. Brown & Brown also refused to reschedule the Mahoney deposition and has refused to designate a corporate representative.

Anthem faces irreparable prejudice without immediate relief from Brown & Brown's refusal to provide discovery, which among other things would force Anthem to depose the Government's trial witness without the benefit of any documents. Brown & Brown should be compelled to produce responsive documents prior to the Mahoney deposition. Brown & Brown should also be compelled to produce responsive documents from three additional Brown & Brown subsidiaries and to provide a Rule 30(b)(6) deponent. Brown & Brown's refusal to comply with Anthem's reasonable discovery requests is unjustified.

Anthem has filed contemporaneously an emergency motion to transfer this Motion to Compel to the District Court for the District of Columbia where the action is pending.

**Factual Background**

This discovery dispute arises from the United States' challenge to the proposed merger of Anthem and Cigna. The United States claims, among other things, that the merger "would substantially lessen competition for the sale of health insurance to national accounts," customers who are "likely to hire a large consulting firm to aid them in evaluating and selecting an insurer or insurers." Complaint, ¶¶19-21 (**Exhibit 3**). Brown & Brown claims to be the sixth largest such insurance intermediary in the United States. **Exhibit 4**.

Five days after discovery opened, Anthem served Brown & Brown with a subpoena dated August 17, 2016 seeking documents commonly possessed by such consulting firms. **Exhibit 1**. Brown & Brown rejected Anthem's offer to discuss the subpoena and filed objections on August 31, 2016. *See* **Exhibit 5**. On September 8, Anthem served a deposition subpoena pursuant to FRCP 30(b)(6) seeking a corporate witness to testify regarding Brown & Brown's health benefits business and sent a courtesy copy by email to outside counsel. **Exhibit 2**.

On September 9, Plaintiff United States named Victoria Mahoney of Sitzmann Morris & Lavis Insurance Agency ("SML"), a subsidiary of Brown & Brown, as a potential trial witness. Anthem contacted Brown & Brown and issued a subpoena on September 20, 2016 to depose Ms. Mahoney. Brown & Brown stated that it would collect documents from SML, including Ms. Mahoney's records, pursuant to Anthem's document subpoena, and would produce them prior to Ms. Mahoney's deposition. **Exhibit 6.** That deposition is scheduled for Wednesday, October 5, 2016, but Brown & Brown yesterday informed Anthem that it no longer intends to produce documents prior to the deposition. *See* Counihan Decl., ¶10.

Over the course of a number of meet-and-confers, Anthem has narrowed the scope of its document subpoena to address concerns raised by Brown & Brown. Anthem seeks only: (a)

requests for proposals in connection with commercial group medical coverage for large group customers and bid information submitted in response to such requests in the files of three Brown & Brown subsidiaries in addition to SML; (b) documents concerning Brown & Brown's private exchange marketplace, to the extent it include commercial medical coverage, called the Brown & Brown Employee Benefits Marketplace; and (c) communications with Plaintiffs. Brown & Brown has refused Anthem's narrow proposal. Brown & Brown also has taken the position that even though it received service of the subpoena for a corporate representative deposition, the subpoena was ineffectual due to an error in the name on the subpoena.

## Argument

### 1. Anthem Seeks Highly Relevant Document Discovery from Brown & Brown

In the context of government challenges to mergers and acquisitions, discovery requests to market participants and competitors regarding competition in applicable markets is highly relevant and often critical to a defendant's defenses against the government's allegations. *FTC v. Staples, Inc.*, 2016 U.S. Dist. LEXIS 49965, *6 (D.D.C. Feb. 26, 2016) (defendant's discovery requests to Amazon regarding "internal business or strategic plans/updates," "long range sales forecasts," and breakdowns of sales to Amazon's top customers were "critical to Staples' defense"); *U.S. v. Dean Foods Co.*, 2011 U.S. Dist. LEXIS 13900, *4 (E.D. Wis. Feb. 3, 2011) (discovery requests to non-party seeking customer and sales information were "highly relevant" to defendant's defense against allegations that competitors would be unable to provide sufficient competition); *U.S. v. Am. Optical Co.*, 39 F.R.D. 580, 585 (N.D. Cal. 1966) ("In an action under the antitrust laws, based upon an alleged abuse of competition, a competitor's business records . . . are precisely the source of the most relevant evidence." (internal quotation marks omitted)); *see also Columbus Drywall & Insulation v. Masco Corp.*, 2006 U.S. Dist. LEXIS 54629, *6 (S.D. Ohio Aug. 7, 2006) (In antitrust cases, "information from a non-party participant in the market

may, from a tactical standpoint, present advantages in the litigation not easily realized from parties or experts.").

The discovery sought from Brown & Brown is directly relevant to claims and defenses in this litigation. Anthem seeks documents regarding the head-to-head bidding that takes place in the marketplace between competitors. The requests for proposals issued by consultants like Brown & Brown, and the resulting bid responses from insurers and others that are compiled and evaluated by consultants, provide information about which entities are competing and how they are competing. *See* **Exhibit 1** (Request No. 1).[1] Anthem also seeks information about Brown & Brown's private exchange, the Brown & Brown Employee Benefits Marketplace, which is a platform for competition between insurance carriers and other entities that seek to provide health care financing options to employers and their employees. *Id.* (Request No. 9).

Brown & Brown's claim that its information is irrelevant and should not be produced because Brown & Brown is too small to matter does not withstand scrutiny. Brown & Brown operates a private exchange for employee health benefits, the Brown & Brown Employee Benefits Marketplace, and earned $225 million of revenue from employee benefits in 2013. **Exhibit 7**. Plaintiff United States apparently agrees that Brown & Brown may possess relevant information, going so far as naming a Brown & Brown employee as one of 16 prospective third party trial witnesses across 70 accused markets.

To the extent Brown & Brown possesses relevant information, it should be compelled to produce it. Brown & Brown initially promised to provide documents from its SML subsidiary in advance of Ms. Mahoney's deposition. If allowed to stand, Brown & Brown's recent change of position would severely prejudice Anthem by denying it the ability to effectively depose one of

---

[1] Anthem's compliance with the detailed provisions of Local Rule 3.04(a) is provided below in Appendix 1.

Plaintiffs United States' trial witnesses.  There is no basis for imposing such a restriction on Anthem's discovery.   Brown & Brown should be compelled to turn over the requested documents prior to Ms. Mahoney's deposition.

**2.     Anthem's Subpoena Imposes No Undue Burden**

A party resisting discovery "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." *Green v. Cosby*, 2015 U.S. Dist. LEXIS 173475, at *15 (D. Mass. Dec. 31, 2015) (citations omitted); *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (a subpoenaed nonparty arguing "undue burden" under Rule 45 "must show that disclosure will cause a 'clearly defined and serious injury.'")

Brown & Brown has made no such showing here.   Anthem has agreed to limit its document subpoena to three document requests from four Brown & Brown subsidiaries and one product (Brown & Brown's private exchange).   In response, Brown & Brown has failed to provide any evidence regarding "the manner and extent of the burden and the injurious consequences of insisting upon compliance" to these narrowed requests.

**3.     Brown & Brown Maintains that It Was Improperly Served with the Subpoena for a Deposition Pursuant to FRCP 30(b)(6)**

Brown & Brown has served no written objections, and objects to Anthem's Rule 30(b)(6) deposition subpoena solely on the grounds that the subpoena is directed to "Brown & Brown Insurance," not "Brown & Brown, Inc.," which is the entity that was served. But, such "a mere misnomer, in the absence of actual confusion, is immaterial."   *De Vos & Co. v. Gabe Corp.*, Case No. 90-1490-CIV, 1991 U.S. Dist. LEXIS 11454 (S.D. Fla. Aug. 12, 1991); *see also McGee v. Cook*, No. 8:09-cv-2543-T-27TGW, 2011 U.S. Dist. LEXIS 39050 (M.D. Fla. Apr. 11, 2011).  There is no "actual confusion" here.  The day Anthem served its deposition subpoena,

Anthem provided a courtesy copy to Brown & Brown's outside counsel.  Brown & Brown's counsel has given no indication that Brown & Brown was confused about party identity. Further, Brown & Brown holds itself out as "Brown & Brown Insurance" in the public domain, such as on its main website – www.bbinsurance.com (**Exhibit 8**) – and therefore cannot hide behind this slight difference in name. *SEC v. Lines Overseas Mgmt.*, 2005 U.S. Dist. LEXIS 39425, 2005 WL 3627141 (D.D.C. Jan. 7, 2005).  Brown & Brown should be compelled to make a witness available pursuant to Anthem's deposition notice.[2]

**4.      Certification**

In accord with Local Rule 3.01(g), attorney Robert Counihan of White & Case LLP certifies that he conferred with Robert G. Kidwell of Mintz Levin representing Brown & Brown seeking compliance with the subpoenas, but that Brown & Brown refuses to comply.

**Conclusion:**

Anthem and Cigna have served over 100 document subpoenas in this highly expedited merger action, poised for trial.  Brown & Brown is the first, and potentially only, subpoena recipient to refuse to comply.  For the foregoing reasons, Anthem respectfully requests that the Court issue an Order compelling Brown & Brown to:

(a) produce all documents responsive to requests 1, 9 and 14 of Anthem's August 17, 2016 subpoena *duces tecum* (**Exhibit 1**) from the records of Sitzmann Morris & Lavis Insurance Agency, including the records of Victoria Mahoney, prior to her deposition;

(b) produce all documents responsive to request 1 from the records of Brown & Brown subsidiaries Sobel Affiliates, Brown & Brown of Connecticut, and Brown and Brown of Indiana, all documents responsive to request 9 related to the Brown & Brown Employee Benefits

---

[2] Without prejudice to its position stated here, Anthem has served a Rule 30(b)(6) deposition subpoena on Brown & Brown, Inc.

Marketplace, and all documents responsive to request 14 of Anthem's August 17, 2016 subpoena *duces tecum* (**Exhibit 1**); and

(c) designate and produce for deposition a Rule 30(b)(6) corporate representative to testify regarding the topics set forth in Anthem's Notice of Deposition (**Exhibit 2**).

Dated: September 30, 2016
        Miami, FL

Respectfully submitted,

*Jaime Bianchi*

Jaime A. Bianchi (Fla. Bar. No. 0908533)
WHITE & CASEʟʟᴘ
200 S. Biscayne Blvd., Suite 4900
Miami, Fla. 33131
Tel (305) 995-5259
Fax (305) 358-5744
jbianchi@whitecase.com

## Appendix 1

### Compliance with Local Civil Rule 3.04(a):
### Anthem's Request Nos. 1, 9 and 14 and Brown & Brown's Objections

<u>Request for Production No. 1:</u>

Documents or data sufficient to identify the following information for all Large Group Customers for which You have handled a bidding or negotiation process for commercial medical health coverage with an effective date in 2015 or 2016:

a. The customer's name (except for individuals), any unique identifying information, and the Core Based Statistical Area ("CBSA") (or zip code if not available), county, and state in which it is headquartered;

b. Any internal classification of the Large Group Customer (e.g., "Large Group," "Multi-State," "Taft Hartley," etc.);

c. The number of employees and members in each state;

d. The demographic profile of the employees and members covered by the bid, e.g., percentage of female and male employees or members, percentage of employees or members under the age of 18, percentage of employees or members over the age of 65, etc.;

e. The identity of each incumbent insurer providing medical health insurance, or third party administrator ("TP A"), and the number of employers and/or members insured or administrated by each incumbent.

f. The purpose of the request for proposal ("RFP") (i.e., whether it serves as a market check or a competitive bid);

g. The identity of the insurers, TP As, or other entities who were sent an RFP and the criteria used to determine who would be sent an RFP;

h. The identity of the insurers, TP As, or other entities who responded to the RFP with a bid;

i. The identity of bid finalists, if applicable. For bidders not chosen as finalists, the reasons why the bidder was not included as a finalist;

j. Funding arrangements considered (fully-insured, self-insured or administrative services only ("ASO"), stop-loss, etc.) in the bid;

k. An indication of whether the bid is for inclusion on a private exchange;

l. The fee bid, whether for ASO, fully-insured, or partially-insured plans, separately by funding type, as well as any fee bids for other ancillary products or services (e.g., dental insurance, specialty insurance, prescriptions plans, stop loss, etc.), on a per member per month basis, in the initial bid submitted by each insurer or TPA and the final (or best offer) bid submitted by each insurer or TPA;

m. Any estimates submitted by bid respondents or calculated by You of the employer's expected or actual medical costs associated with each bid;

n. Any comparisons of the bids submitted, including estimates of medical costs, administrative fees, total costs, network coverage, utilization rates, average provider discounts, or any other metric, including any scoring or ranking of bids by You;

o.  Any discussions with Your client or recommendations that You made to Your client as to who should be chosen as a finalist or who should be chosen as a winner, and all documentation or correspondence regarding such recommendations, including documents evaluating the strengths or weaknesses of each competitor;

p.  Any analyses used internally or provided to customers to evaluate RFP proposals or the viability of insurer bids;

q.  The identity of all winners, the estimated number of employees and members for each winner (e.g., by geography or product), and the reason(s) why each winner was chosen; and

r.  Where there was more than one winner, a description of how the business was split: geographically, by product, or by member choice among the winners.

(If all or part of this information is maintained in an electronic database or Excel file, produce this information in database, Excel, or other accessible form.)

Brown & Brown's Response to Request for Production No. 1:

Brown restates its objections above. [*See* **Exhibit 5**].  Brown is willing to meet and confer to discuss whether Anthem intends to propound requests in response to which it would be reasonable for Brown to undertake the task of determining whether it possesses information that is relevant, proportional, narrowly tailored, and all costs related to the search for and production of which will be fully reimbursed by Anthem, including attorney's fees.

Reason Why Anthem's Motion Should be Granted With Respect to Request No. 1:

Request No. 1 seeks information regarding the bidding or negotiation process for commercial medical health coverage conducted by consultant intermediaries like Brown & Brown, including requests for proposals and bid information supplied in response to such requests. Such documents would provide insight into competition in the marketplace as they would show which companies are competing to sell commercial medical health coverage and how they are competing with each other.  Anthem remains willing to discuss the specific sub-categories sought by this Request in view of the information Brown & Brown may maintain in the ordinary course.

**Request for Production No. 9:**

Documents sufficient to show each private exchange marketplace that You administer or have evaluated, the locations where the private exchange marketplace operates, the health insurance products Your customers acquired through such private exchange marketplace, the identity of such customers and the number of members enrolled in each product purchased through the private exchange marketplace, the costs associated with the private exchange marketplace, the savings associated with the private  exchange marketplace, the revenues and profits that You generated by administering, supervising or evaluating such exchange, and any evaluation of its perceived benefits to You or Your client.

Brown & Brown's Response to Request for Production No. 9:

Brown restates its objections above. [*See* **Exhibit 5**]. Brown is willing to meet and confer to discuss whether Anthem intends to propound requests in response to which it would be reasonable for Brown to undertake the task of determining whether it possesses information that is relevant, proportional, narrowly tailored, and all costs related to the search for and production of which will be fully reimbursed by Anthem, including attorney's fees.

Reasons Why Anthem's Motion Should be Granted With Respect to Request No. 9:

Request No. 9 seeks information related to the private exchange marketplace operated by Brown & Brown, the Brown & Brown Employee Benefits Marketplace. Private exchanges are platforms operated by intermediary consultants like Brown & Brown and other firms whereby employers allow their employees to obtain commercial medical health coverage from health plans offered through these exchanges by insurance carriers and other firms. These exchanges facilitate competition in the sale of commercial medical health coverage.

**Request for Production No. 14:**

Any Documents that contain communications with the United States Department of Justice ("DOJ"), any other United States agency, and/or the Office of the Attorney General of any state concerning the Anthem-Cigna Merger or the Aetna-Humana Merger or otherwise concerning the review, investigation or challenge of the Anthem-Cigna Merger or the Aetna-Humana Merger by the DOJ and/or any state, but not including any documents that solely concern the parties' Medicare business.

Brown & Brown's Response to Request for Production No. 14:

Brown restates its objections above. [*See* **Exhibit 5**]. Additionally, this request is duplicative and unnecessary, as the DOJ has already been ordered to provide any such materials, if they exist, to Anthem on or before September 2, 2016.

Reasons Why Anthem's Motion Should be Granted With Respect to Request No. 14:

Request No. 14 seeks communications with Plaintiffs. Brown & Brown employee Victoria Mahoney is a potential trial witness for Plaintiffs. Anthem is entitled to discovery of communications she, or her employer, Brown & Brown, may have had with Plaintiffs in connection with this action. No privilege protects such discovery.

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2016, true and correct copies of the following were

served by hand and email by Robert E. Counihan upon Robert Kidwell of Mintz Levin Cohn

Ferris Glovsky and Popeo P.C., outside counsel for Brown & Brown, Inc.:

- Anthem, Inc.'s Emergency Motion to Transfer Anthem, Inc.'s Motion to Compel Compliance With Subpoena Directed to Brown & Brown, Inc. to the District Court for the District of Columbia, and the Declaration of Robert E. Counihan in Support Thereof.

- Motion to Compel Compliance With Subpoena Directed to Brown & Brown, Inc., and the Declaration of Robert E. Counihan in Support Thereof.

Dated: September 30, 2016
     Miami, FL

Respectfully submitted,

*Jaime Bianchi*

Jaime A. Bianchi (Fla. Bar. No. 0908533)
WHITE & CASE LLP
200 S. Biscayne Blvd., Suite 4900
Miami, Fla. 33131
Tel (305) 995-5259
Fax (305) 358-5744
jbianchi@whitecase.com

*Counsel for Anthem, Inc.*